UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DECEANN N. FLOYD,<br><br>　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　　Defendant. | **MEMORANDUM & ORDER**<br>22-CV-07168 (HG) |

**HECTOR GONZALEZ**, United States District Judge:

In this appeal brought pursuant to the Social Security Act, 42 U.S.C. § 405, Plaintiff Deceann Floyd challenges the final determination of the Commissioner of Social Security (the "Commissioner") denying her application for disability insurance benefits. The parties have made cross-motions for a judgment on the pleadings. ECF Nos. 10, 11. For the reasons set forth below, the Court grants the Commissioner's motion and denies Plaintiff's motion.

## STANDARD OF REVIEW

When deciding an application for benefits, a Social Security Administration administrative law judge ("ALJ") must follow a five-step process, outlined in the Code of Federal Regulations, *see* 20 C.F.R. § 404.1520(a)(4)(i)-(v), to determine whether a claimant is disabled. *See Schillo v. Kijakazi*, 31 F.4th 64, 70 (2d Cir. 2022) (detailing five-step process and associated burden-shifting).[1] When a plaintiff challenges an ALJ's decision as unsupported by substantial evidence, as Plaintiff does here, the Court must "conduct a plenary review of the administrative record" and determine "whether the ALJ applied the correct legal standards and whether the

---

[1] Unless noted, case law quotations in this order accept all alterations and omit internal quotation marks, citations, and footnotes.

ALJ's determination is supported by substantial evidence." *Rucker v. Kijakazi*, 48 F.4th 86, 90–91 (2d Cir. 2022).

"The substantial evidence standard is a very deferential standard of review—even more so than the clearly erroneous standard." *Schillo*, 31 F.4th at 74. But the standard is "not merely hortatory: It requires relevant evidence which would lead a reasonable mind to concur in the ALJ's factual determinations." *Colgan v. Kijakazi*, 22 F.4th 353, 359 (2d Cir. 2022). The Court is therefore "required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Schillo*, 31 F.4th at 74. Once an ALJ has made findings of fact, however, the Court "can reject those facts only if a reasonable factfinder would *have to conclude otherwise.*" *Id.* (emphasis in original). Put another way, "[i]f evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld." *Id.* Although an ALJ is not required to "reconcile[]" "every conflict in [the] record," the ALJ must describe "the crucial factors in any determination . . . with sufficient specificity to enable [the Court] to decide whether the determination is supported by substantial evidence." *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019).

## **DISCUSSION**

Plaintiff previously worked as a mail carrier and claims that she sustained a work-related injury in February 2019 that caused pain in her back, neck, and left shoulder, which also causes "numbness and tingling" in her left hand. ECF No. 10-1 at 1.[2] To address these issues, Plaintiff

---

[2] The record indicates that Plaintiff regularly saw a psychotherapist who had diagnosed her with major depressive disorder and post-traumatic stress disorder that caused her a variety of mental health issues. ECF No. 10-1 at 4–5. However, the ALJ concluded that Plaintiff's mental health issues did not rise to the level of severity required by the Code of Federal Regulations. ECF No. 8 at 20. On appeal, Plaintiff has argued that she is entitled to Social Security benefits based only on her alleged physical conditions and has not made any argument that the ALJ improperly assessed her mental health issues. *See* ECF No. 10-1 at 3 n.3 (stating that Plaintiff's appeal "focuses solely on the physical component" of her ailments). Plaintiff has therefore waived any argument that the ALJ committed any errors related to her mental health conditions.

periodically saw two different specialists to address the pain in her shoulder and neck, and the ALJ received treatment records from those specialists. ECF No. 8 at 265–78, 315–35, 371–77. Plaintiff did not, however, obtain an opinion from any of those specialists about what tasks she could perform in light of her physical ailments. Instead, Plaintiff obtained such an opinion from her primary care physician, Dr. Stella Ilyaev, which Plaintiff provided to the ALJ. *Id.* at 336–39. Dr. Ilyaev provided this opinion simply by completing a three-page checklist prepared by the Social Security Administration. *Id.* Plaintiff did not obtain any other records from Dr. Ilyaev, such as contemporaneous treatment notes documenting Plaintiff's symptoms. *See generally* ECF No. 8.[3]

Plaintiff contends that the ALJ erred by concluding that Plaintiff had the residual functional capacity to perform more tasks than Dr. Ilyaev had opined that Plaintiff could perform. ECF No. 10-1 at 15. In particular, the ALJ found that Plaintiff was able to lift and carry greater weights, walk longer distances, and stand for longer periods of time. ECF No. 8 at 22, 28, 336–39. In reaching his residual functional capacity assessment, the ALJ found "persuasive" an opinion provided by Dr. Chaim Shtock, who performed a single consulting examination of Plaintiff on behalf of the Social Security Administration, *see* ECF No. 8 at 29, which Plaintiff contends was an error, *see* ECF No. 10-1 at 11–13.

---

*See Reices-Colon v. Astrue*, 523 F. App'x 796, 798 (2d Cir. 2013) (deeming plaintiff seeking Social Security benefits to have waived argument not presented to district court); *Poupore v. Astrue*, 566 F.3d 303, 306 (2d Cir. 2009) (holding that plaintiffs who are represented by counsel waive arguments related to denial of benefits not presented to district court); *see also Pezza v. Comm'r of Soc. Sec.*, No. 19-cv-3254, 2020 WL 3503170, at *4 (E.D.N.Y. June 29, 2020) (holding that plaintiff waived argument by making it in "a single sentence" without "attempt[ing] to advance any reasoned argument").

[3]     Plaintiff has not argued that the ALJ erred by not keeping the record open to seek more treatment records from Dr. Ilyaev. *See* ECF No. 10-1. Any such argument is therefore waived. *See, e.g., Reices-Colon*, 523 F. App'x at 798 (deeming plaintiff seeking Social Security benefits to have waived argument not presented to district court).

The ALJ did not err by declining to adopt functional limitations that matched Dr. Ilyaev's opinion.  The Social Security Administration has adopted regulations providing that, for all applications for benefits submitted after March 27, 2017, the Administration will no longer apply regulations commonly referred to as the "treating physician rule," which presumptively afforded controlling weight to a treating physician's opinion.  *Schillo*, 31 F.4th at 70–71.  Since the treating physician rule has now been repealed, "the agency 'will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s).'"  *Loucks v. Kijakazi*, No. 21-1749-cv, 2022 WL 2189293, at *1 (2d Cir. June 17, 2022) (quoting 20 C.F.R. § 404.1520c(a)).

In this instance, the ALJ reasonably determined that Dr. Ilyaev's opinions were not consistent with the contemporaneous treatment records of the specialists whom Plaintiff saw for her shoulder and neck pain.  *See Tibbles v. Comm'r Soc. Sec.*, No. 22-1127-cv, 2023 WL 3477127, at *2 (2d Cir. May 16, 2023) (affirming ALJ's assessment of plaintiff's residual functional capacity that discounted treating physician's opinions because they were "not fully supported by or consistent with the other evidence in the record," including contemporaneous "treatment notes"); *see also Peets v. Kijakazi*, No. 21-3150-cv, 2022 WL 17725391, at *1–2 (2d Cir. Dec. 16, 2022) (affirming ALJ's decision, after repeal of treating physician rule, to afford more weight to consultant who examined plaintiff once than to plaintiff's treating physician).

The ALJ's decision not to afford controlling weight to Dr. Ilyaev's opinion obviated the need to tailor the residual functional capacity determination to her opinion.  An ALJ "cannot arbitrarily substitute his own judgment for competent medical opinion."  *Schillo*, 31 F.4th at 75.  However, once an ALJ has decided not to give any medical opinion controlling weight, "the ALJ's [residual functional capacity] conclusion need not perfectly match any single medical opinion in the record, so long as it is supported by substantial evidence."  *Id.* at 78.

Plaintiff is also wrong in arguing that the ALJ could not deem Dr. Shtock's opinion persuasive because Dr. Shtock did not review an MRI that Plaintiff had received. *See* ECF No. 10-1 at 11. An ALJ may decide that an examining physician's assessment of a plaintiff is persuasive even if that physician did not review all of the plaintiff's medical records. *See Wright v. Berryhill*, 687 F. App'x 45, 48 (2d Cir. 2017) (holding that ALJ properly gave "significant weight" to examining physician even though "his review did not include the [p]laintiff's MRI results"). And an ALJ may assign significant weight to the opinion of a physician retained by the Social Security Administration where, as here, the physician's opinion is "consistent with the record as a whole." *Saul v. Cunningham*, No. 21-cv-3787, 2022 WL 17415089, at *6 (E.D.N.Y. Dec. 5, 2022) (affirming propriety of ALJ's residual functional capacity determination that relied on physician retained by Social Security Administration where, unlike this case, the physician did not even examine plaintiff).

Finally, the hypothetical questions that the ALJ asked the vocational expert were appropriate. "[A]n ALJ may rely on a vocational expert's testimony regarding a hypothetical as long as there is substantial record evidence to support the assumptions upon which the vocational expert based his opinion," and the ALJ's hypothetical question "accurately reflect[ed] the limitations and capabilities of the claimant involved." *Glessing v. Comm'r Soc. Sec.*, No. 21-1192-cv, 2022 WL 457243, at *2 (2d Cir. Feb. 15, 2022); *see also McIntyre v. Colvin*, 758 F.3d 146, 151 (2d Cir. 2014) (explaining same standard). Here, the ALJ asked the vocational expert a hypothetical question that "was based on the ALJ's [residual functional capacity] determination," which was, in turn, "supported by substantial evidence" for the reasons explained above. *Glessing*, 2022 WL 457243, at *2.

Plaintiff contends that the ALJ asked the vocational expert a hypothetical question that assumed Plaintiff could carry more weight and stand for longer periods than the limitations that

the ALJ included in his residual functional capacity assessment.  ECF No. 10-1 at 14.  The ALJ did ask a hypothetical along those lines.  ECF No. 8 at 66–67.  But he also asked a question with physical limitations that matched his residual functional capacity assessment.  *Compare id.* at 68–70 (asking second hypothetical), *with id.* at 22–23 (describing Plaintiff's residual functional capacity).  An ALJ may ask a vocational expert multiple hypothetical questions, so long as the hypothetical on which the ALJ ultimately relies matches a residual functional capacity assessment that is based on substantial evidence.  *Thomas v. Comm'r Soc. Sec.*, No. 20-cv-1037, 2022 WL 539392, at *13 (N.D.N.Y. Feb. 23, 2022) (holding that ALJ "did not err in presenting alternative hypotheticals" to vocational expert under analogous circumstances).

Any remaining arguments raised by Plaintiff are without merit.  In considering the record as a whole, it is clear that the ALJ's opinion is amply supported by substantial evidence.  *See Zacharopoulos v. Saul*, 516 F. Supp. 3d 211, 220 (E.D.N.Y. 2021) (explaining that "the relevant question is not whether substantial evidence supports plaintiff's position, but whether substantial evidence supports *the ALJ's decision*" (emphasis in original)).  The Court must therefore affirm the decision of the Commissioner.

## CONCLUSION

For the reasons set forth above, the Court GRANTS the Commissioner's motion for judgment on the pleadings, *see* ECF No. 11, and DENIES Plaintiff's motion for judgment on the pleadings, *see* ECF No. 10.  The Clerk of Court is respectfully directed to enter judgment and to close this case.

SO ORDERED.

                                                */s/ Hector Gonzalez*
                                                HECTOR GONZALEZ
                                                United States District Judge

Dated: Brooklyn, New York
       December 7, 2023